UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80415 CV MIDDLEBROOKS/JOHNSON

HOMELAND INSURANCE COMPANY
OF NEW YORK, a foreign corporation,

        Plaintiff,

vs.

VALERIE SFREDDO AND JOSEPH SFREDDO and
HIPPOCRATES HEALTH INSTITUTE
OF FLORIDA, INC.,

        Defendants.
_____/

## DEFENDANT HIPPOCRATES HEALTH INSTITUTE OF FLORIDA, INC.'S ANSWER TO THE COMPLAINT and COUNTERCLAIM

Defendant HIPPOCRATES HEALTH INSTITUTE OF FLORIDA, INC. ("HIPPOCRATES"), by and through its undersigned counsel, files this Answer to the Complaint filed by Plaintiff HOMELAND INSURANCE COMPANY OF NEW YORK ("HOMELAND"), and Counterclaim, and states as follows:

### DEFENDANT'S ANSWER TO THE COMPLAINT

### RESPONDING TO NATURE OF ACTION

1. Defendant is without knowledge or information sufficient to respond to the allegations contained in paragraph 1 of the Complaint, and therefore denies all allegations set forth therein.

## RESPONDING TO JURISDICTION AND VENUE

2. Defendant is without knowledge or information sufficient to respond to the allegations contained in paragraphs 2, 3, 4, and 5 of the Complaint, and therefore denies all allegations set forth therein.

## RESPONDING TO THE PARTIES

3. Defendant is without knowledge or information sufficient to respond to the allegations contained in paragraphs 6 and 7 of the Complaint, and therefore denies all allegations set forth therein.

4. Defendant admits the allegations contained in paragraph 8 of the Complaint.

## RESPONDING TO COMMON ALLEGATIONS

5. Defendant denies the allegations contained in paragraphs 9 and 10 of the Complaint.

6. Defendant denies the allegations contained in paragraph 11 of the Complaint, except admits that it assisted in the preparation of an application for insurance in May, 2009.

7. Defendant is without knowledge or information sufficient to respond to the allegations contained in paragraph 12 of the Complaint, and therefore denies all allegations set forth therein.

8. Defendant denies the allegations contained in paragraph 13 of the Complaint, except admits that HOMELAND issued an insurance policy to HIPPOCRATES bearing Policy Number MFL-0095-09.

9. Defendant is without knowledge or information sufficient to respond to the allegations contained in paragraph 14 of the Complaint, and therefore denies all allegations set forth therein.

10. Defendant denies the allegations contained in paragraph 15 of the Complaint.

11. Defendant is without knowledge or information sufficient to respond to the allegations contained in paragraph 16 of the Complaint, and therefore denies all allegations set forth therein.

12. Defendant denies the allegations contained in paragraph 17 of the Complaint, expect admits that HOMELAND has offered to defend HIPPOCRATES, albeit under a reservation of rights.

13. Defendant is without knowledge or information sufficient to respond to the allegations contained in paragraph 18 of the Complaint, and therefore denies all allegations set forth therein.

### RESPONDING TO COUNT I – NO COVERAGE BASED UPON MATERIAL MISREPRESENTATIONS IN THE APPLICATION

14. With respect to the allegations contained in paragraph 19 of the Complaint, Defendant adopts the allegations of paragraphs 1 through 13 above and realleges them.

15. Defendant denies the allegations contained in paragraphs 20, 21, 22, and 23 of the Complaint.

16. Defendant is without knowledge or information sufficient to respond to the allegations contained in paragraph 24 of the Complaint, and therefore denies all allegations set forth therein.

### RESPONDING TO COUNT II – NO COVERAGE AS THE CLAIM WAS NOT FIRST MADE AND REPORTED DURING THE POLICY PERIOD

17. With respect to the allegations contained in paragraph 25 of the Complaint, Defendant adopts the allegations of paragraphs 1 through 13 above and realleges them.

18. Defendant denies the allegations contained in paragraph 26 of the Complaint.

19.  Defendant is without knowledge or information sufficient to respond to the allegations contained in paragraph 27 of the Complaint, and therefore denies all allegations set forth therein.

## RESPONDING TO COUNT III – NO COVERAGE BASED UPON THE PRIOR KNOWLEDGE EXCLUSION

20.  With respect to the allegations contained in paragraph 28 of the Complaint, Defendant adopts the allegations of paragraphs 1 through 13 above and realleges them.

21.  Defendant denies the allegations contained in paragraph 29 of the Complaint.

22.  Defendant is without knowledge or information sufficient to respond to the allegations contained in paragraph 30 of the Complaint, and therefore denies all allegations set forth therein.

## JURY DEMAND

23.  Defendant requests a trial by jury of all issues so triable.

**WHEREFORE**, Defendant HIPPOCRATES HEALTH INSTITUTE OF FLORIDA, INC. respectfully requests that this Court enter a Judgment:

    a.    Dismissing the Complaint its entirety;

    b.    Awarding the Defendant all costs and expenses in defending the action including attorney's fees pursuant to § 627.428 Florida Statutes; and

    c.    Awarding the Defendant such other relief as the Court deems just and proper.

## COUNTERCLAIM

Defendant HIPPOCRATES HEALTH INSTITUTE OF FLORIDA, INC. ("HIPPOCRATES"), by and through its undersigned counsel, files this Counterclaim against Plaintiff HOMELAND INSURANCE COMPANY OF NEW YORK ("HOMELAND"), and alleges as follows:

### JURISDICTION and VENUE

1. This is an action for declaratory relief pursuant to Rule 57 Fed.R.Civ.P. and 28 U.S.C. § 2201.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that Defendant HIPPOCRATES is a citizen of the State of Florida, and Plaintiff HOMELAND is a citizen of the State of Massachusetts, and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

3. Venue in this district is proper pursuant to 29 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Florida, and HOMELAND is subject to personal jurisdiction in the Southern District of Florida.

### PARTIES

4. At all times herein material, HIPPOCRATES is a Florida corporation with its principal place of business located in Palm Beach County, Florida.

5. At all times herein material, HOMELAND is a foreign corporation with its principal place of business located in Massachusetts.

6. At all times herein material, HOMELAND is subject to the jurisdiction of this Court pursuant to Florida Statutes § 48.193 in that it: (i.) is engaged in substantial, and not

isolated activity within the state of Florida; (ii.) operates, conducts, engages in, and carries on a business in the state of Florida; (iii.) maintains an office in the state of Florida; and/or (iv.) is alleged to have breached a contract in the state of Florida by failing to perform acts required by the contract to be performed within the state of Florida.

7. At all times herein material, Co-defendant VALERIE SFREDDO ("VALERIE") is an individual who resides in Palm Beach County, Florida.

8. At all times herein material, Co-defendant JOSEPH SFREDDO ("JOSEPH") is an individual who resides in Palm Beach County, Florida.

### FACTS

9. At all times herein material, HOMELAND as insurer, issued an insurance policy to HIPPOCRATES, its insured, bearing policy number MFL-0095-09, with effective dates July 14, 2009 to July 14, 2010 (the "Homeland Insurance Policy," a copy of which is attached hereto as **Exhibit 1**).

10. On June 9, 2010, VALERIE's attorney sent a letter to HIPPOCRATES in which he threatened to commence an action against HIPPOCRATES for personal injuries (the "Sfreddo Claim").

11. HIPPOCRATES notified HOMELAND of the Sfreddo Claim by letter dated June 15, 2010. (A copy of the June 15, 2010 letter is attached hereto as **Exhibit 2**).

12. By letter dated September 23, 2010, HOMELAND informed HIPPOCRATES that the Sfreddo Claim was not covered by the Homeland Insurance Policy. (A copy of the September 23, 2010 letter is attached hereto as **Exhibit 3**).

13. HOMELAND sent a letter dated April 22, 2011 to HIPPOCRATES in which it stated that it would withdraw the denial of coverage as set forth in the September 23, 2010 letter

and that it would defend HIPPOCRATES with respect to the Sfreddo Claim under a reservation of rights. (A copy of the April 22, 2011 letter is attached hereto as **Exhibit 4**).

14. HOMELAND's asserted basis for defending HIPPOCRATES under a reservation of rights is that: (i) the claim which is alleged in the Sfreddo Claim arose prior to the date of the Homeland Insurance Policy, and accordingly, HIPPOCRATES made material misrepresentations in the insurance application, (ii.) the Sfreddo Claim was not first made and reported during the policy period, and (iii.) that HIPPOCRATES had prior knowledge of the Sfreddo Claim before obtaining the Homeland Insurance Policy.

15. Contrary to HOMELAND's position, the Sfreddo Claim did not arise until after the effective date of the Homeland Insurance Policy.

16. HIPPOCRATES has complied with all conditions precedent to the bringing of this action, or those conditions precedent have been waived.

17. HIPPOCRATES has retained the law firm of Casey Ciklin Lubitz Martens & O'Connell to represent it in this matter and is obligated to pay it a reasonable fee for its services.

18. HOMELAND is obligated to pay HIPPOCRATES's attorney's fees pursuant to § 627.428 Florida Statutes.

## COUNT I – DECLARATORY RELIEF

19. Defendant adopts the allegations of paragraphs 1 through 18 above, and realleges them.

20. This is an action for declaratory relief pursuant to Rule 57, Fed.R.Civ.P. and 28 U.S.C. § 2201.

21. HIPPOCRATES has requested that HOMELAND defend it with respect to the Sfreddo Claim.

22.     HIPPOCRATES is in doubt as to its rights with respect to the Homeland Insurance Policy in light of HOMELAND's decision to defend HIPPOCRATES with respect to the Sfreddo Claim under a reservation of rights.

23.     HIPPOCRATES is entitled to have that uncertainty removed because it will incur significant expenses in the event that HOMELAND does not defend it against the Sfreddo Claim.

24.     The doubt has created a bona fide, present, adverse interest between the parties concerning their rights with respect to the Homeland Insurance Policy.

25.     Accordingly, HIPPOCRATES seeks a declaration that HOMELAND has an obligation and a duty to defend HIPPOCRATES with respect to the Sfreddo Claim.

**WHEREFORE**, Defendant HIPPOCRATES requests that the Court grant a declaratory judgment in favor of the Defendant declaring the parties' rights as set forth above, awarding the Defendant attorney's fees, costs and such other relief as the Court deems just and proper.

## COUNT II – DECLARATORY RELIEF

26.     Defendant adopts the allegations of paragraphs 1 through 18 above, and realleges them.

27.     This is an action for declaratory relief pursuant to Rule 57, Fed.R.Civ.P. and 28 U.S.C. § 2201.

28.     HIPPOCRATES has requested that HOMELAND indemnify it with respect to the Sfreddo Claim.

29.     HIPPOCRATES is in doubt as to its rights with respect to the HOMELAND Insurance Policy in light of HOMELAND's decision to defend HIPPOCRATES with respect to the Sfreddo Claim under a reservation of rights.

30. HIPPOCRATES is entitled to have that uncertainty removed because it will incur significant expenses in the event that HOMELAND does not indemnify it with respect to the Sfreddo Claim.

31. The doubt has created a bona fide, present, adverse interest between the parties concerning their rights with respect to the HOMELAND Insurance Policy.

32. Accordingly, HIPPOCRATES seeks a declaration that HOMELAND has an obligation and a duty to indemnify HIPPOCRATES with respect to the Sfreddo Claim.

**WHEREFORE**, Defendant HIPPOCRATES HEALTH INSTITUTE OF FLORIDA, INC. requests that the Court grant a declaratory judgment in favor of the Defendant declaring the parties' rights as set forth above, awarding the Defendant attorney's fees, costs and such other relief as the Court deems just and proper.

## JURY DEMAND

33. Defendant requests a trial by jury of all issues so triable.

DATED this 7th **day of June, 2011**.

Respectfully submitted:

s/Jeffrey M. Garber
Florida Bar No. 102776
jgarber@caseyciklin.com
CASEY CIKLIN LUBITZ
MARTENS & O'CONNELL
515 North Flagler Drive, 20th Floor
West Palm Beach, FL 33401
Tele: 561-832-5900
Fax: 561-833-4209
Attorneys for Defendant Hippocrates Health
Institute Of Florida, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 7, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            **s/Jeffrey M. Garber**
Florida Bar No. 102776
jgarber@caseyciklin.com
CASEY CIKLIN LUBITZ
MARTENS & O'CONNELL
515 North Flagler Drive, 20th Floor
West Palm Beach, FL 33401
Tele: 561-832-5900
Fax: 561-833-4209
Attorneys for Defendant Hippocrates Health Institute Of Florida, Inc.

## SERVICE LIST

Ronald Lee Kammer, Esq.
Colleen A. Hoey, Esq.
Hinshaw & Culbertson
9155 S. Dadeland Blvd., Suite 1600
Miami, FL 33156-2741
OFF: (305) 358-7747
FAX: (305) 577-1063
Email: rkammer@hinshawlaw.com
           choey@hinshawlaw.com
Attorneys for Plaintiff
Service Via *Electronic Filing*