

**HINSHAW**
& CULBERTSON LLP

April 22, 2011

**ATTORNEYS AT LAW**
9155 South Dadeland Blvd.
Suite 1600
Miami, FL 33156-2741

305-358-7747
305-577-1063 (fax)
www.hinshawlaw.com

<u>VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED</u>

Mr. Brian Clement
Hippocrates Health Institute
1443 Palmdale Court
West Palm Beach, Florida 33411

    Re:    *Your client:*    *Hippocrates Health Institute*
            *Claimant:*      *Valerie Sfreddo*
            *Policy No.:*    *MFL-0095-09*
            *Claim No.:*    *0AA730087*

Dear Mr. Clement:

    The law firm of Hinshaw & Culbertson LLP represents Homeland Insurance Company of New York. ("Homeland"). The purpose of this letter is to withdraw Homeland's September 23, 2010 denial letter and replace it with this reservation of rights letter. The reservation of rights letter is made pursuant to the policy of insurance between Homeland and Hippocrates, Policy No. MFL-0095-09, which was in effect from July 14, 2009 to July 14, 2010. That policy contains the following relevant provisions:

    I.    **INSURING AGREEMENTS**

        (A)  **Claims Made Professional Liability Insurance:**

            The Underwriter will pay up to the applicable Limit of Liability shown in ITEM 4.A. of the Declarations on behalf of the **Insured** any **Loss** that the **Insured** is legally obligated to pay as a result of any covered **Claim** for a **Professional Services Wrongful Act** happening on or after the **Retroactive Date**; provided, that the **Claim** is first made against the **Insured** during the **Policy Period** or applicable Extended Reporting Period and reported to the Underwriter in accordance with GENERAL CONDITION (C) of this Policy.

                          \* \* \*

RECEIVED

APR 25 2011

EXHIBIT 4

Arizona  California  Florida  Illinois  Indiana  Mass[achusetts]  New York  Oregon  Rhode Island  Wisconsin

14507660v1 0917527 54832

Mr. Brian Clement
Hippocrates Health institute
April 22, 2011
Page 2

    E.    "**Claim**" means any written notice received by an **Insured** that any person or entity intends to hold an **Insured** responsible for a **Wrongful Act** or an **Occurrence**.

* * *

    II.    "**Professional Services Wrongful Act**" means:

    (1)    any actual or alleged act, error or omission, or series of acts, errors or omissions, by an **Insured** in rendering, or failing to render, **Professional Services**; or

    (2)    any actual or alleged act, error or omission, or series of acts, errors or omissions, by any person other than an **Insured** in rendering, or failing to render, **Medical Services**, but only for an **Insured's** vicarious liability with regard to such **Medical Services**. In no event shall this Policy provide coverage for the direct liability of any person other than an **Insured** for the rendering of, or failure to render, **Medical Services**.

* * *

(**OO**) "**Wrongful Act**" means any **Professional Services Wrongful Act** or **Employee Benefit Wrongful Act**.

    III.    **EXCLUSIONS(D)  Exclusions Applicable to All INSURING AGREEMENT:**

Except as otherwise expressly provided in this Policy, this Policy does not apply to, and the Underwriter will not pay **Loss** or **Defense Expenses**, for any **Claim** based upon, arising out of, directly or indirectly resulting from, in consequences of, or in any way involving any actual or alleged:

    (1)    act, error, omission or **Wrongful Act** if any **Insured**, on or before the Inception Date set forth in ITEM 2 of the Declarations, knew or reasonably could have foreseen that such act, error, omission or **Wrongful Act** might result in a **Claim**.

If, however, this Policy is a renewal of one or more policies previously issued by the Underwriter to the **First Named Insured**, and the coverage provided by the Underwriter to the **First Named Insured** was in effect, without interruption, for the entire time between the inception date of the first

14507660v1 0917527 54832

Mr. Brian Clement
Hippocrates Health institute
April 22, 2011
Page 3

>such other policy and the Inception Date of this Policy, the reference in this EXCLUSION (D)(1) to the Inception Date will be deemed to refer instead to the inception date of the first policy under which the Underwriter began to provide the **First Named Insured** with the continuous and uninterrupted coverage of which this Policy is a renewal.

As you are well aware, you exchanged correspondence with Mr. and Mrs. Sfreddo prior to the issuance of the Homeland policy. Specifically and without limitation, on April 16, 2009, Mr. Sfreddo advised the insured that they "expect Hippocrates to help resolve this issue in a timely manner" and requested Hippocrates to offer solutions to resolve their claim. On April 25, 2009, the Sfreddos once again advised Hippocrates that they were "convinced" that the H-Wave treatment caused the damages. They further advised Hippocrates that they had filed a "claims dispute" and were not going to pay Hippocrates until the resolution of their claim was "achieved". That email also advised Hippocrates that their "out-of-pocket expenses" was not covered by insurance. Finally, on May 27, 2009, Hippocrates was advised that Mrs. Sfreddo had seen two medical doctors who evaluated Valerie's alleged injuries. The email concluded by advising Hippocrates that "the cost are mounting" and asked of Hippocrates wanted to "resolve this matter amicably".

Homeland reserves its rights to withdraw from the defense and not to indemnify Hippocrates to the extent these letters constitute a claim and that claim was not first made and reported during the policy period. Homeland further reserves the right to withdraw from the defense and not to indemnify Hippocrates to the extent the insured knew or should have known that prior to the policy, a wrongful act would or could result in a claim based upon these letters. Finally, Homeland reserves the right to withdraw the defense and not to indemnify Hippocrates to the extent the application for insurance contained one or more material misrepresentations as Hippocrates failed to disclose the claims and/or potential claim of Mr. and Mrs. Sfreddo based upon these letters. In fact, in its application the following questions were asked:

2. Has any claim or suit for malpractice ever been made against the Applicant or any person proposed for this insurance?............................................( ) Yes (X) No
   If Yes, how many?_____

3. Has any claim or suit for malpractice ever been made against the Applicant or any person proposed for this insurance that has not been reported to the Applicant's current or prior insurer?........................................................................( ) Yes (X) No
   If Yes, explain _____
   _____

4. Is the Applicant or any person proposed for the insurance aware of any act, error, omission, fact, circumstance, or records request from any attorney which may result in a malpractice claim or suit?..........................................................( ) Yes (X) No
   If Yes, how many?_____

Mr. Brian Clement
Hippocrates Health institute
April 22, 2011
Page 4

  Please note that this is not a denial of coverage. Homeland is simply informing your client of reasons presently known to it that may limit or preclude its duty to defend or indemnify Hippocrates. In the event Mr. and Mrs. Sfreddo file suit against Hippocrates, please immediately provide Homeland, as well as the undersigned, with a copy of the lawsuit. In addition if you receive any additional demands from any lawyer acting on behalf of Mr. and Mrs. Sfreddo, please immediately provide Homeland, as well as the undersigned with a copy of any such demand.

  For the reasons set forth above, Homeland reserves all of its rights and defenses under the policy and applicable law, whether mentioned in this letter or not. This includes, but is not limited to, Homeland's right to supplement this letter and to file a complaint for declaratory relief to determine -its rights and obligations, if any, under the policy. Furthermore, no conduct of Homeland, its agents or attorneys shall constitute a waiver or surrender of any of the terms, exclusions, conditions or definitions of the Homeland policy.

  The foregoing reservation of rights is premised upon the claim being brought by Mr. and Mrs. Sfreddo, Homeland's investigation to date and the terms and conditions of the Homeland policy. If other reasons become known to Homeland, that provide a basis for asserting that other terms of its policy may limit or eliminate its duty to defend or indemnify, Homeland will supplement this reservation of rights or, if appropriate, issue a declination of coverage at that time. Once again, Homeland in continuing to investigate this matter, offering a defense or by entering into settlement negotiations does not waive any of its rights, surrender any of its policy provisions or admit any obligation under its policy or applicable law.

  If you believe that the position set forth in this letter is either incomplete or incorrect, please notify me in writing within ten business days. Upon receipt of any additional facts, Homeland, through our office, will advise you if those facts alter its current coverage position.

            Very truly yours,

            HINSHAW & CULBERTSON LLP

            Ronald L. Kammer
            rkammer@hinshawlaw.com

RLK:dps

cc: Jeffery Garber, Esq.

14507660v1 0917527 54832