UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

HOMELAND INSURANCE COMPANY OF NEW YORK, a foreign corporation,

    Plaintiff,

vs.

VALERIE SFREDDO and JOSEPH SFREDDO, and HIPPOCRATES HEALTH INSTITUTE OF FLORIDA, INC.

    Defendants.

_____/

CASE NO.: 11-80415-CIV-MIDDLEBROOKS/JOHNSON

## **ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM**

Homeland Insurance Company of New York ("Homeland") hereby responds to Defendant Hippocrates Health Institute of Florida, Inc.'s ("Hippocrates") Counterclaim and states as follows

1. Admitted for jurisdictional purposes only.

2. Admit.

3. Admit only that venue is proper for this counterclaim.

4. Admit.

5. Admit.

6. Admit only that Homeland is subject to the jurisdiction of this court for purposes of this counterclaim.

7. Admit.

8. Admit.

9. Admit only that Homeland issued a policy of insurance to Hippocrates that was

attached to the Complaint.

10. Admit only that Valerie's attorney sent a letter dated June 9, 2010 to Hippocrates which Hippocrates attached as part of Exhibit 2 to the Answer; the remainder of the allegations are denied as Exhibit 2 speaks for itself.

11. Admit only that Hippocrates' attorney sent a letter dated June 15, 2010 that has been attached as part of Exhibit 2 to the Answer; the remainder of the allegations are denied as Exhibit 2 speaks for itself.

12. Admit only that Homeland sent a letter dated September 23, 2010 to Hippocrates that has been attached as Exhibit 3 to the Answer; the remainder of the allegations are denied as Exhibit 3 speaks for itself.

13. Admit only that Homeland's attorney sent a letter dated April 22, 2011 to Hippocrates and its attorney that has been attached as Exhibit 4 to the Answer; the remainder of the allegations are denied as Exhibit 4 speaks for itself.

14. Denied as phrased, Exhibit 4 speaks for itself.

15. Denied.

16. Denied.

17. Without knowledge, therefore denied.

18. Denied.

## COUNT I – DECLARATORY RELIEF

19. Homeland reasserts its responses to Paragraphs 1-18 above.

20. Admit only that Hippocrates has styled this as an action for declaratory relief.

21. Denied as phrased.

22. Without knowledge, therefore denied.

23. Denied as phrased.

24. Denied as phrased.

25. Denied.

WHEREFORE: Denied.

## COUNT II – DECLARATORY RELIEF

26. Homeland reasserts its responses to Paragraphs 1-18 above.

27. Admit only that Hippocrates has styled this as an action for declaratory relief.

28. Denied as phrased.

29. Without knowledge, therefore denied.

30. Denied.

31. Denied.

32. Denied.

Wherefore: Denied.

## AFFIRMATIVE DEFENSES

1. Hippocrates fails to state a claim for declaratory relief.

2. Homeland has no duty to defend or indemnify Hippocrates because Hippocrates made material misrepresentation(s) in its application for insurance, and thus Homeland may deny coverage for the Sfreddo claim, and there is no duty to defend or indemnify same.

3. Homeland has no duty to defend or indemnify Hippocrates because the Sfreddo claim was made prior to the inception of the Homeland policy, and thus there is no coverage pursuant to the insuring agreement.

4. Homeland has no duty to defend or indemnify Hippocrates because prior to the inception of the Homeland policy, Hippocrates knew or reasonably could have foreseen that acts,

errors, and/or omissions in the treatment of Valerie Sfreddo might result in a claim, and thus there is no coverage pursuant to Exclusion D.

    **5.**    There is no coverage under Homeland's policy in whole or in part based upon the insuring agreement, exclusions, conditions, definitions, declarations, endorsements, and/or any other provision contained in the Homeland policy, each of which is asserted as an affirmative defense.

    **6.**    Homeland reserves the right to amend or supplement its answer to the counterclaim and its affirmative defenses.

Dated: June 28, 2011

        Respectfully submitted,

        /s/ *Colleen A. Hoey*
        Ronald L. Kammer
        Florida Bar No. 360589
        rkammer@hinshawlaw.com
        Colleen A. Hoey
        Florida Bar No. 078964
        choey@hinshawlaw.com
        HINSHAW & CULBERTSON LLP
        9155 S. Dadeland Boulevard, Suite 1600
        Miami, Florida 33156-2741
        Telephone: 305-358-7747
        Facsimile: 305-577-1063

CASE NO.: 11-80415-CIV-MIDDLEBROOKS /JOHNSON

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Jeffrey Garber, Esq., Casey Ciklin Lubitz Martens & O'Connell, 515 North Flagler Drive, Suite 1900, West Palm Beach, FL 33401.

*s/Colleen A. Hoey*
Colleen A. Hoey
Florida Bar No. 078964